UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI CEM ERENLER,

    Plaintiff,

v.                                    CASE NO. 8:21-cv-671-SDM-SPF

TJM PROPERTIES, INC., et al.,

    Defendants.
_____/

**ORDER**

After a week-long trial in which the jury returned a unanimous verdict for the defendants, Ali Cem Erenler moves (Doc. 171) under Rules 59(a), 59(e), and 60(b), Federal Rules of Civil Procedure, for "a new trial, or alternatively, to alter or amend the judgment, or relief from the judgment." Erenler advances nine arguments, including, among other arguments, (1) that the jury instructions "significant[ly] prejudiced Erenler by failing to instruct the jury that they should consider Terence McCarthy's thirty-year-old criminal conviction when evaluating McCarthy's credibility,[1] (2) that the jury instructions should have included a "limiting instruction" directing the jury to not consider any mention of the related action in New Jersey,[2] and

---

[1] Erenler was permitted to introduce evidence about the conviction and the jury was instructed to decide whether to believe each witness and to consider whether any evidence tended to prove that the witness testified falsely.

[2] Erenler stipulated to introduce into evidence the complaint in the New Jersey action, and Erenler failed to contemporaneously object to several mentions of the New Jersey action.

(3) that the jury should have determined Erenler's entitlement to punitive damages for his claim under the New Jersey Conscientious Employee Protection Act.[3]  The defendants respond in opposition.

Rule 59(a) authorizes a new trial for a losing party if "the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). Rule 59(e) permits alteration or amendment of a judgment based on a clear error of fact or law, but a motion under Rule 59(e) "should not be used to raise arguments which could, and should, have been made before the judgment was issued." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).  Rule 60(b) permits relief from a judgment if the moving party identifies and establishes a reason listed in the rule.  For example, Rule 60(b) permits relief if a party establishes "mistake, inadvertence, surprise, or excusable neglect" or if a party establishes some "other reason that justifies relief."  Relief based on some "other reason," however, "is an extraordinary remedy." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996).  Neither Rule 59 nor Rule 60 is an invitation to re-litigate an argument or issue resolved at trial.  *See* 12 *Moore's Federal Practice* § 59.30[6], 60.22[2] (3d ed. 1997).

Each of the arguments in Erenler's motion were asserted and resolved at trial. The evidence sufficiently supports the jury's verdict, and Erenler presents nothing

---

[3] Although the defendants received a judgment as a matter of law as to Erenler's entitlement to punitive damages, the jury resolved Erenler's underlying CEPA claim in favor of the defendants.

establishing a clear error of fact or law or establishing mistake, inadvertence, surprise, excusable neglect, or any other reason warranting a new trial or relief from judgment.

For the reasons stated on the record at trial and for other reasons stated by the defendants, Erenler's motion (Doc. 171) under Rules 59 and 60 is **DENIED**.[4] The motion (Doc. 167) for an attorney's fee and costs is **REFERRED** to the magistrate judge to conduct any necessary hearing and to prepare a report and recommendation. The motion (Doc. 174) to reply in support of the motion for an attorney's fee and costs is **REFERRED** to the magistrate judge for resolution.

ORDERED in Tampa, Florida, on May 3, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] Erenler has appealed (Doc. 175) the judgment.